

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 5, 2022**

_____
**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 21-41656-ELM |
| JAMES VARGA, | § | |
| | § | Chapter 7 |
| Debtor. | § | |
| | § | |
| MARY FROSTO, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Adversary No. 21-04079 |
| | § | |
| JAMES VARGA, III, | § | |
| | § | |
| Defendant. | § | |

### ORDER (I) REQUIRING REPLEADING OF COMPLAINT AND GRANTING LEAVE FOR SAME, (II) SETTING DEADLINE AND REQUIREMENTS FOR ANSWER, AND (III) RESCHEDULING TRIAL DOCKET CALL

On November 22, 2021, the Plaintiffs commenced this adversary proceeding with the filing of their *Complaint to Determine Dischargeability of Debt* [Docket No. 1] (the "**Complaint**") against the Defendant. On January 19, 2022, the Defendant filed *Defendant's General Denial* [Docket No. 5] (the "**Answer**") in response to the Complaint.

On April 4, 2022, in accordance with the Court's *Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order* [Docket No. 3] (the "**Scheduling Order**"), the Court conducted a trial docket call hearing. The Plaintiffs appeared at the hearing by and through counsel. The Defendant failed to appear at the hearing.

Having reviewed and considered the Complaint, the Answer, and the docket in this adversary proceeding, the Court finds it appropriate to require Plaintiffs to file an amended complaint to adequately identify the specific causes of action asserted under each stated claim for relief[1] and to require the Defendant to file an answer to such amended complaint that complies with the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure.[2]  Because of same, the Court also finds cause to reset the trial docket call hearing.  Accordingly, it is hereby:

**ORDERED** that, **by no later than 21 days after the date of entry of this Order**, Plaintiffs shall file and serve on the Defendant (at the last known address of the Defendant with a copy contemporaneously served on counsel of record for the Defendant in the underling bankruptcy case, Case No. 21-41656) an amended complaint (the "**Amended Complaint**") in which the Plaintiffs specifically identify each cause of action that the Plaintiffs are asserting against the Defendant under each stated claim for relief of the Amended Complaint.  The Plaintiffs are hereby granted leave under Fed. R. Bankr. P. 7015 and Fed. R. Civ. P. 15(a)(2) to so amend the Complaint; it is further

**ORDERED** that, **by no later than 21 days after the date of service of the Amended Complaint by Plaintiffs in accordance with this Order**, Defendant shall file an answer or other response to the Amended Complaint that complies with the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure; it is further

**ORDERED** that the trial docket call in this adversary proceeding is reset to **June 6, 2022, at 1:30 p.m. (prevailing Central Time)**, and shall take place before the Honorable Edward L. Morris, Eldon B. Mahon U.S. Courthouse, 501 W. Tenth Street, Room 204, Fort Worth, Texas 76102; it is further

**ORDERED** that, in accordance with paragraph 7 of Part III of the Scheduling Order, all deadlines set forth within paragraphs 1-5 of Part III of the Scheduling Order are hereby shifted to the newly scheduled trial docket call hearing date set out above; and it is further

**ORDERED** that counsel for the Plaintiffs promptly serve a copy of this Order on Defendant (at the last known address of the Defendant with a copy contemporaneously served on counsel of record for the Defendant in the underling bankruptcy case, Case No. 21-41656) and file a certificate of service in this adversary proceeding to evidence same.

### #  END OF ORDER  # # #

---

[1] In this regard, the Court notes that while the existing Complaint is titled as a complaint "to determine dischargeability of debt," within the individual claims for relief set out within the Complaint, the Plaintiffs appear to request an award of damages against the Debtor (or in the bankruptcy context, a request for the allowance of a claim against the bankruptcy estate) under various unspecified legal theories, which is materially different than a request for a determination of non-dischargeability.

[2] In this regard, substantively, the existing Answer consists of nothing more than a one sentence general denial.  While general denials are sufficient under applicable Texas state rules of procedure, they are insufficient under applicable federal rules of civil procedure.